UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| HILAND PARTNERS GP HOLDINGS, LLC, a Foreign Company, HILAND PARTNERS, LP, a Foreign Partnership, and HILAND OPERATING LLC, a Foreign Company,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Case No.: 1:14-cv-00025-CSM |

## PROTECTIVE ORDER/ANTI-DISSEMINATION ORDER

On this _14th_ day of November, 2014, this proceeding comes before the undersigned Judge of the District Court upon submission of this Proposed Protective Order ("Protective Order") by the Parties. The Parties believe that during the course of this pending action it may be necessary to use or disclose certain confidential information as defined below.

By agreement of the Parties, and for good cause shown, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Definitions**. The following terms shall have the meanings ascribed below for purposes of this Protective Order:

    a. "Parties" shall include all parties now named or hereafter joined as plaintiffs or defendants, in this action, and shall include all affiliates, administrators, officers, trustees, and employees of the parties.

b. "Producing Party" shall mean the Party producing the documents.

c. "Document" shall have the full meaning ascribed to it in the Federal Rules of Civil Procedure.

d. "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pre-trial exchange, or otherwise, in prosecution or defense of this action, or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

e. "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

f. "Confidential Information" shall mean the contents of any Document or transcript of testimony which shall have been designated in good faith as "Confidential" by the Producing Party or shall have been marked as "Confidential" in the companion action of Tracy M. Chapman and Lenny M. Chapman, Plaintiffs vs. Hiland et al., Defendants and Third Party Plaintiff vs. Missouri Basin Well Service, Inc., and B & B Heavy Haul, LLC., Third-Party Defendants., Civil Action No. 1:12-CV-053, pending in this court. The Producing Party may

designate documents or information, or a portion of a Document or information, as "Confidential" only if it has a good faith basis for asserting that the designated portion of the Document or information is private personal information, healthcare information, trade-secret, financial, confidential research, development, or commercial information, or other proprietary information.

2. If a Document is designated Confidential, each page of the Document containing Confidential Information shall be clearly marked "Confidential" at the time the Document is produced or disclosed. Portions of testimony may be designated "Confidential" by noting it on the record, or by designating portions of the transcript within 30 days after the transcript is received for review and correction. The terms of this Protective Order apply to any Confidential Documents and information produced after it is entered (and any Documents designated pursuant to Paragraph 8 hereof) and the terms of this Protective Order shall be binding upon the Parties to this action and their counsel, as well as on any deponents or trial witnesses in this action and their counsel. Confidential Documents and information shall only be used for purposes of this litigation or any other related litigation, including any other insurance coverage action involving the parties and for no other purpose. All Parties and their attorneys and all deponents and trial witnesses and their attorneys shall take all necessary and proper steps to preserve the confidentiality of Confidential Information and Documents.

3. Unless otherwise ordered by the Court, Confidential Information and Documents may be disclosed only as follows:

   (a) to the Parties and their accountants, auditors, reinsurers and regulators;

   (b) to the counsel of record to the Parties in this action, including support personnel and any regular and temporary employees;

   (c) to service vendors retained by the Parties or counsel to the Parties, including outside copying and litigation support services, subject to the terms of paragraph 4;

   (d) to independent experts and consultants (including support personnel) who are providing advice in connection with the litigation, trial preparation or trial of this litigation, subject to the terms of paragraph 4;

   (e) to the actual or potential witnesses in deposition and at trial, subject to the terms of paragraph 4;

   (f) to interviewed individuals whom counsel has a good faith belief have knowledge concerning the subject matter described in the confidential documents and information, subject to the terms of paragraph 4;

   (g) to the Court, *in camera,* and to court reporters, including deposition court reporters and their staff;

(h) to any mediator or settlement master appointed by the Court or agreed to by the Parties; and

(i) to any other person to whom the Producing Party agrees in writing the information may be disclosed.

4. Disclosure of Confidential Information to persons specified in subparagraphs (c), (d), (e) and (f) of subparagraph 3 shall be permitted only after each such person is given a copy of this Protective Order and acknowledges, in writing, that he or she has read, understands, and agrees to be bound by the terms of this Protective Order as set forth in the forms attached hereto as Exhibit A and Exhibit B. Counsel disclosing Confidential Information to any such person shall be responsible for maintaining a file containing the signatures of all such persons to whom Confidential Information has been disclosed. The file shall be made available to opposing counsel at the termination of this litigation, or earlier by agreement of the Parties or by order of the Court for cause shown.

With regard to persons specified in subparagraphs (c), (d), (e) and (f) of subparagraph 3, in no event shall Confidential Information be left in the possession of the individual. To the extent a witness testifies regarding such Confidential Information, counsel may direct that any exhibits to the deposition transcript designated Confidential be excluded from the copy of the deposition transcript provided to the deponent.

5. If Confidential Information or Documents are submitted to the Court in connection with a motion, trial or other proceeding, the Documents and information

designated Confidential shall be served on counsel for all Parties and filed under seal in conformance with Local Court Rules unless otherwise ordered by the Court.

6. This Protective Order is without prejudice to and does not impair the right or ability of any Party to assert in good faith that any Document or information designated "Confidential" should not be treated as Confidential under this Protective Order. Any Party may challenge in writing a Producing Party's designation of a Document, information, or any portion thereof, as "Confidential" within thirty (30) days of its production or designation as "Confidential." If the Producing Party does nothing or retracts the "Confidential" designation within ten (10) days of such written challenge, the Document or information shall no longer be treated as Confidential under the terms of this Protective Order. If the Producing Party wishes to defend its designation of the Document or information as "Confidential," it shall within ten (10) days of such written challenge file a motion for protective order concerning the Document or information at issue, with the burden of production and risk of non-persuasion resting on such Producing Party or person who asserts or maintains that Confidential status is warranted.

7. If any Party receives a court order, subpoena, or other written request seeking disclosure of a Producing Party's Confidential Information, the receiving Party shall immediately notify counsel for such Producing Party and provide a copy of the order, subpoena, or written requests.

8. To the extent a Party has produced Documents in discovery prior to the entry of this Order that are deemed in good faith to be Confidential, the Producing Party may designate such Documents as Confidential by notifying counsel of record of the Bates numbers of the Confidential Documents and such Documents shall thereafter be treated as Confidential pursuant to the terms of this Order. To the extent any Party has already provided any of the Documents designated pursuant to this paragraph to a consultant or any other person, that Party shall notify all such consultants or other persons in writing within twenty (20) days of the Paragraph 8 designation that the Documents have been designated as Confidential and that the consultants or other persons are required to treat those Documents in compliance with the terms of this Order. Such designation will be made by the Producing Party within thirty (30) days of the entry of this Protective Order. Additionally, in the event a Producing Party makes an inadvertent production of information/Document(s) without the "Confidential" designation subsequent to the entry of this Protective Order, the Producing Party shall have thirty (30) days from the date of the inadvertent production to designate the inadvertent production as "Confidential". Immediately upon written notice of the inadvertent production by the Producing Party, the Parties shall treat the Document(s) as Confidential. Written notice shall include the Bates number(s) of the inadvertent production.

9. This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain

jurisdiction over all Parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel compliance and impose sanctions for any violation. This Protective Order is without prejudice to and does not impair the ability or rights of any Party to move for the lifting or modification of this Protective Order.

SO ORDERED THIS _14th_ day of _November_, 2014.

JU~~DGE OF THE DISTRICT CO~~URT
Charles S. Miller, Sr.
Magistrate Judge

APPROVED AS TO FORM:

Respectfully submitted,

Dated: November 13, 2014.

**PEARCE & DURICK**

_s/Patrick W. Durick_
Patrick W. Durick (ND #03141)
Meredith L. Vukelic (ND #06544)
314 E. Thayer Ave.
P.O. Box 400
Bismarck, ND 58502
Phone: (701) 223-2890
Fax: (701) 223-7865
pwd@pearce-durick.com
mlv@pearce-durick.com

AND

Margaret M. Clarke (OK #16952)
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Phone: (918) 594-0400
Fax: (918) 594-0505
mclarke@hallestill.com

|  |  |
|---|---|
|  | *Attorneys for Plaintiffs Hiland Partners GP Holdings, LLC, Hiland Partners, LP, and Hiland Operating, LLC.* |
| Dated: November 13, 2014. | **MEAGHER & GEER, P.L.L.P.** |
|  | s/*Robert E. Salmon* <br> Robert E. Salmon (ND #05105) <br> Dorothy Jaworski Paxton (*pro hac vice*) <br> 33 South Sixth Street, Suite 4400 <br> Minneapolis, MN 55402 <br> Phone: (612) 347-9172 <br> Fax: (612) 877-3067 <br> rsalmon@meagher.com <br> dpaxton@meagher.com <br> *Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, PA* |

9990104.1x

EXHIBIT A

**NOTICE OF COURT ORDER REGARDING CONFIDENTIALITY**

In connection with your testimony, you will be shown documents that have been marked as "Confidential." The Court has ordered that the documents marked as "Confidential" must be kept confidential. Therefore, you may not discuss these documents, or the information they contain, with anyone outside of the deposition or hearing where you are shown the "Confidential" documents. The only exception to this is that you may talk to your own legal counsel about these documents outside of the deposition or hearing where you are shown the "Confidential" documents.

Violations of the Court's order can be punished by contempt of court, which can include monetary fines or even jail. If you have any questions regarding the Court's order or this notice, you are advised to consult with legal counsel.

# EXHIBIT B

I hereby acknowledge that I will be receiving Confidential Information pursuant to the terms of the Protective Order, dated _____ , entered in actions in the THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA SOUTHWESTERN DIVISION, entitled: HILAND PARTNERS GP HOLDINGS, LLC, a Foreign Company, HILAND PARTNERS, LP, a Foreign Partnership, and HILAND OPERATING LLC, a Foreign Company, Plaintiffs, vs. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Defendant. I have been given a copy of and have read and understand the Protective Order, and I agree to be bound by the terms and conditions of that Order.

_____
Signature               Date

_____
Printed Name